[Cite as *State v. Grad*, 2017-Ohio-8778.]

STATE OF OHIO        )                     IN THE COURT OF APPEALS
                            )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

STATE OF OHIO                          C.A. No.     17CA0004-M

       Appellee

       v.                                 APPEAL FROM JUDGMENT
                                   ENTERED IN THE
KENNETH GRAD                    COURT OF COMMON PLEAS
                                   COUNTY OF MEDINA, OHIO
       Appellant                  CASE No.     08CR0272

DECISION AND JOURNAL ENTRY

Dated: December 4, 2017

HENSAL, Presiding Judge.

{¶1} Kenneth Grad appeals a judgment of the Medina County Court of Common Pleas that denied his petition for post-conviction relief. For the following reasons, this Court affirms.

I.

{¶2} A jury found Mr. Grad guilty of five counts of child endangering and three counts of felonious assault involving his infant son. On appeal, one of Mr. Grad's arguments was that his trial counsel had been ineffective because he did not call any medical experts on Mr. Grad's behalf. This Court upheld Mr. Grad's convictions because it determined that his counsel's decision was a matter of trial strategy and the strategy was not objectively unreasonable. *State v. Grad*, 9th Dist. Medina No. 15CA0014-M, 2016-Ohio-8388, ¶ 9. Meanwhile, Mr. Grad petitioned for post-conviction relief under Revised Code Section 2953.21. In his petition, Mr. Grad also argued that his trial counsel had been ineffective for not calling any experts on his behalf. The trial court denied Mr. Grad's petition without holding a hearing because it

determined that his argument was barred under the doctrine of res judicata. The court also determined that, even if Mr. Grad's argument was not barred, his counsel's performance was not deficient because the decision not to call any experts was a matter of trial strategy. Mr. Grad has appealed the denial of his petition for post-conviction relief, assigning two errors.

II

ASSIGNMENT OF ERROR I

THE FAILURE OF DEFENSE COUNSEL TO PRESENT MEDICAL EXPERTS TO REBUT THE TESTIMONY OF THE STATE'S MEDICAL EXPERT RENDERED THE VERDICT UNRELIABLE, THUS DENYING THE APPELLANT HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶3} Mr. Grad argues that he received ineffective assistance of counsel because his lawyer did not call any experts on his behalf even though there were several who could have explained that his son's broken bones were not caused by abuse but because of underlying nutritional deficiencies and genetic conditions. According to Mr. Grad, his counsel's performance was outside of professional norms and calls the reliability of the jury's verdict into question.

{¶4} We note that Mr. Grad's argument is similar to the one he made on direct appeal. *Id*. at ¶ 5. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶5} The trial court determined that the arguments Mr. Grad made in his petition for post-conviction relief were barred by the doctrine of res judicata. Mr. Grad has not challenged

the court's conclusion in his appellate brief. "This Court will not assume an appellant's duty and formulate an argument on his behalf." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 24. We, therefore, conclude that Mr. Grad's argument is barred by res judicata. *See Benitez v. Gonzalez*, 9th Dist. Lorain No. 96CA006608, 1997 Ohio App. LEXIS 3736, *3 (Aug. 20, 1997). Mr. Grad's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING AS THE AFFIDAVITS PROVIDED IN A PETITIONER'S MOTION TO VACATE FILED PURSUANT TO R.C. 2953.21 ESTABLISH A MERITORIOUS ISSUE.

{¶6} Mr. Grad also argues that the trial court should have held a hearing before ruling on his petition, citing Section 2953.21(C). Interpreting that section, the Ohio Supreme Court has explained that "[a]n evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 29. "A trial court has the discretion to deny a postconviction petition without discovery or an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate 'sufficient operative facts to establish substantive grounds for relief.'" *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. "To warrant an evidentiary hearing in a postconviction proceeding, a petitioner must submit evidence outside the record that sufficiently establishes that the petitioner is entitled to relief on one or more asserted constitutional grounds." *Id.*

{¶7} The trial court found that Mr. Grad "did not support his petition with any probative evidentiary materials beyond the expert reports and opinions which were already filed in this case prior to trial." Although Mr. Grad argues that his petition "contained evidence that was not part of the record on direct appeal[,]" he has not identified which evidence was new.

Moreover, in light of the court's determination that Mr. Grad's claims were barred by res judicata, which he has not contested, we conclude that Mr. Grad failed to demonstrate that the evidence he submitted with his petition sufficiently establishes that he was entitled to relief. *See id.* Accordingly, the trial court exercised appropriate discretion when it denied Mr. Grad's petition without holding an evidentiary hearing. Mr. Grad's second assignment of error is overruled.

## III.

**{¶8}** Mr. Grad's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.