[Cite as *State v. Yuschak*, 2019-Ohio-4394.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0106-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRY YUSCHAK | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CR0208 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

CARR, Judge.

{¶1} Defendant-Appellant Terry Yuschak appeals, pro se, from the judgments of the Medina County Court of Common Pleas. This Court affirms the July 16, 2018 entry denying his motion for leave to file a motion for new trial and dismisses the attempted appeal from the August 22, 2018 entry denying his motion for reconsideration.

I.

{¶2} In 2014,

Yuschak arranged for his girlfriend's cousin, Mason Braun, to obtain drugs from [] Yuschak's daughter * * * in an attempt to arrange for a police bust of the drug deal so that [Yuschak's daughter] could be arrested and treated for her drug addiction. After Mason contacted [Yuschak's daughter] seeking drugs, [she] contacted a man with whom she had gone to school, [the victim], to help her obtain the drugs. [The victim] agreed to drive [Yuschak's daughter] to Cleveland, and advanced her money, to purchase heroin. [The victim] then drove [Yuschak's daughter] to a Dairy Queen parking lot where she had arranged to meet Mason to complete the drug transaction. Mason arrived with [] Yuschak at the Dairy Queen. After they arrived, [the victim] was shot. As a result of the shooting, [the victim] suffered severe injuries and complications.

*State v. Yuschak*, 9th Dist. Medina No. 15C0055-M, 2016-Ohio-8507, ¶ 2.

{¶3} Following the March 20, 2014 shooting, Yuschak was indicted on one count of attempted murder, one count of felonious assault, and one count of having weapons while under disability. Two firearm specifications accompanied the first two charges. The matter proceeded to a jury trial, at which the jury found him guilty of all charges. Yuschak filed a "Renewed Motion to Dismiss and Motion for a New Trial[.]" The motion for new trial asserted that Yuschak's "constitutional liberty to make a peremptory challenge of a potential juror was restricted unfairly denying him the basis for a fair trial." The trial court denied the motions. The trial court sentenced Yuschak to an aggregate term of ten years in prison. He appealed and this Court affirmed the trial court's judgment. *See id.* at ¶ 1.

{¶4} In November 2016, Yuschak filed a petition for post-conviction relief, which the trial court denied following a hearing. Yuschak appealed, but the appeal was dismissed as being untimely. *See State v. Yuschak*, 9th Dist. Medina No. 17CA0016-M (Apr. 13, 2017). In March 2018, Yuschak filed a pro se motion for leave to file a motion for new trial. That same day, he also filed his motion for new trial. The State opposed the motion and Yuschak filed a reply brief. On July 16, 2018, the trial court denied the motion for leave to file a motion for new trial.

{¶5} Thereafter, on July 23, 2018, Yuschak filed a letter addressed to the trial court, which the trial court interpreted as a motion for reconsideration. The trial court issued an entry on August 22, 2018, denying that motion for reconsideration. Yuschak appealed, but his appeal was dismissed as untimely. *See State v. Yuschak*, 9th Dist. Medina No. 18CA0082-M (Oct. 25, 2018).

{¶6} Yuschak then filed a motion seeking leave to file a delayed appeal from the July 16, 2018 and August 22, 2018 entries. This Court granted the motion. Yuschak has raised two assignments of error for our review, which will be addressed together to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WHEN THE RECORD DEMONSTRATED BY CLEAR AND CONVINCING PROOF THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE WITHIN 120 DAYS OF HIS CONVICTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WHEN THE RECORD AND CIRCUMSTANCES SUPPORTED HIS CLAIM THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE.

{¶7} In his first assignment of error, Yuschak argues that the trial court abused its discretion in denying his motion for leave to file a motion for new trial. In his second assignment of error, he asserts that the trial court abused its discretion when it denied his motion without holding a hearing.

{¶8} Despite seeking leave to appeal both the July 16, 2018 and August 22, 2018 entries, Yuschak's assignments of error only address the July 16, 2018 entry denying his motion for leave to file a motion for new trial. To the extent the August 22, 2018 entry is before us, Yuschak's attempted appeal from that entry is dismissed. *See State v. Washington*, 9th Dist. Summit No. 27627, 2015-Ohio-2505, ¶ 8, quoting *State v. Harbert*, 9th Dist. Summit No. 20955, 2002-Ohio-6114, ¶ 24-25 ("A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal, and any order granting such a motion is likewise a nullity. It follows that because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment. Consequently, this Court has no jurisdiction to hear the appeal.").

{¶9} "A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion. Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion." (Internal citations and quotations omitted.) *State v. Williams*, 9th Dist. Summit No. 28572, 2017-Ohio-8475, ¶ 7. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} "A defendant may seek a new trial '[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial.'" *Williams* at ¶ 8, quoting Crim.R. 33(A)(6). "Motions for new trial based on newly discovered evidence must be filed within 120 days after the verdict." *Williams* at ¶ 8, citing Crim.R. 33(B). "A defendant who wishes to file a motion outside the prescribed time limit must seek leave from the trial court to file a delayed motion for new trial." (Internal quotations and citations omitted.) *Williams* at ¶ 8. "The motion for leave must demonstrate, by clear and convincing proof that [the defendant] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120-day period]." (Internal quotations and citations omitted.) *Id.* Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "Unavoidable delay results when the [defendant] had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." (Internal quotations and citations omitted.) *Williams* at ¶ 9.

{¶11} "Crim.R. 33(B) does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial. However, Ohio courts have adopted a reasonableness standard. [Thus, a] trial court may require a defendant to file his motion for leave to file [a motion for new trial] within a reasonable time after he discovers the evidence." (Internal quotations and citations omitted.) *State v. Leyman*, 9th Dist. Medina No. 14CA0037-M, 2016-Ohio-59, ¶ 9. A hearing is not warranted when the evidence, on its face, does not support the defendant's claim that he was unavoidably prevented from the timely discovery of the evidence. *State v. Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 12.

{¶12} We cannot say that Yuschak has demonstrated that the trial court abused its discretion in denying his motion for leave to file a motion for new trial or in failing to hold a hearing on it. First, we note that Yuschak did not attach evidentiary materials to his motion for leave to file a motion for new trial. Yuschak only attached evidentiary materials to his motion for new trial. As it is apparent that the trial court considered those materials in denying his motion for leave to file a motion for new trial, we will also consider them in reviewing this appeal.

{¶13} The crux of Yuschak's argument is that newly discovered evidence demonstrates that Braun, not Yuschak, was responsible for the shooting of the victim. The evidentiary materials consist of three affidavits and a copy of a police incident report. The first affidavit is that of Alicia T. In that affidavit, Alicia T. asserts that Braun sent her a text message on March 20, 2014, stating that he shot someone. In addition, Alicia T. averred that Braun, prior to Yuschak's trial, continued to boast about shooting someone and getting away with it. Alicia T. maintained that she was never contacted by police, the State, or defense counsel, yet, was willing to testify. Alicia T. alleged that she had lived in Ohio her whole life and that she has the same

phone number she had in 2014. She asserted in her affidavit that she "recently ran into a family member" of Yuschak's who told her of Yuschak's conviction and that was why she chose to come forward.

{¶14} The two other affidavits contain averments that the affiants attempted to try to locate or contact Alicia T. prior to, and after, Yuschak's trial but were unable to locate or contact her. The affidavits do not indicate the methods the affiants used to try to locate or contact Alicia T., nor do any of the evidentiary materials indicate when Alicia T. was finally contacted by, or on behalf of, Yuschak.

{¶15} The police incident report indicates that it was printed on May 29, 2014, and reflects Braun's text messages from "3/20[.]" The report lists the phone number that Braun texted, which, based upon the averments of Alicia T., appears to be her number. One of the texts from the number associated with Braun states "[I] jus[t] shot someone[.]"

{¶16} The record before us reflects that, prior to trial, Yuschak's counsel requested "[a] complete copy of the Verizon text messages for [] Braun on March 20, 2014." Further, a copy of the police incident report was attached to Yuschak's petition for post-conviction relief.

{¶17} Thus, we cannot say that the trial court abused its discretion in denying Yuschak's motion without a hearing. Yuschak did not demonstrate that he was unavoidably prevented from discovering Alicia T.'s proposed testimony. Alicia T. averred that her phone number had not changed since the time of the shooting, and, it appears, her phone number was on a police incident report containing text messages from Braun. The record is clear that Yuschak had this report at the time he filed for post-conviction relief in November 2016. Moreover, Yuschak essentially acknowledges in his motion that this report was available to the State and defense counsel at the time of trial. Therefore, Yuschak had the means to contact Alicia T. long before

he filed his motion for leave to file a motion for new trial in March 2018.  While the additional affiants averred that they unsuccessfully tried to locate or contact Alicia T., they did not specify how they attempted to do so.  Moreover, it is unclear from Yuschak's motion when he was finally able to contact Alicia T.; thus, it is impossible to determine whether his motion for leave was filed within a reasonable time.  *See Leyman*, 2016-Ohio-59, at ¶ 9.   Because the evidence, on its face, does not support Yuschak's claim that was he was unavoidably prevented from the timely discovery of the evidence, he was not entitled to a hearing.  *See Davis*, 2013-Ohio-846, at ¶ 12.

**{¶18}**  Yuschak's assignments of error are overruled.

III.

**{¶19}**  Yuschak's assignments of error are overruled.   The judgment of the Medina County Court of Common Pleas denying his motion for leave to file a motion for new trial without a hearing is affirmed.  To the extent Yuschak has appealed from the trial court's denial of his motion for reconsideration, his attempted appeal is dismissed.

Appeal dismissed in part,
and judgment affirmed in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

TERRY YUSCHAK, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.