**[Cite as *State v. Grad*, 2022-Ohio-4221.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 22CA0011-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH A. GRAD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 08CR0272 |

## DECISION AND JOURNAL ENTRY

Dated: November 28, 2022

CALLAHAN, Judge.

{¶1} Appellant, Kenneth Grad, appeals a judgment of the Medina County Court of Common Pleas that denied his motion for leave to file an untimely motion for a new trial. This Court affirms.

I.

{¶2} In 2014, a jury found Mr. Grad guilty of multiple charges of endangering children and felonious assault in connection with injuries sustained by his newborn son in 2008. On January 29, 2015, the trial court sentenced Mr. Grad to twenty-four years in prison. This Court affirmed his convictions. *State v. Grad*, 9th Dist. Medina No. 15CA0014-M, 2016-Ohio-8388. In so doing, this Court concluded that trial counsel's decision not to call expert witnesses that had been previously identified did not constitute ineffective assistance of counsel. *See Grad* at ¶ 5-9. Mr. Grad also petitioned the trial court for postconviction relief, raising arguments similar to those

raised on direct appeal. This Court affirmed the trial court's decision to dismiss his petition. *State v. Grad*, 9th Dist. Medina No. 17CA0004-M, 2017-Ohio-8778, ¶ 3-4.

{¶3} On October 22, 2021, Mr. Grad filed a motion for leave to file an untimely motion for a new trial pursuant to Crim.R. 33(B). In support of his motion for leave, Mr. Grad argued that he was unavoidably prevented from discovering new evidence within 120 days of the verdict that consisted of scientific studies, an investigative report, and a subsequent medical diagnosis of a family member. Mr. Grad also argued that there had been "[a] significant and precipitous drop in the cost of whole genome sequencing[,]" which the State had not pursued in connection with his trial. The trial court denied the motion without a hearing, concluding that the documents submitted with Mr. Grad's motion for leave did not demonstrate that he was unavoidably prevented from discovering the evidence. In the alternative, the trial court concluded that Mr. Grad did not file his motion for leave within a reasonable time.

{¶4} Mr. Grad filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON OR GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL.

{¶5} In his sole assignment of error, Mr. Grad argues that the trial court erred by denying his motion for leave to file an untimely motion for a new trial without a hearing. This Court does not agree.

{¶6} Crim.R. 33(A)(6) permits a defendant to move for a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have

discovered and produced at trial." A motion for a new trial that alleges newly discovered evidence must be filed within 120 days of the verdict. Crim.R. 33(B). Crim.R. 33(B), however,

> excuses a defendant's failure to move for a new trial within the 14- or 120-day deadline, as applicable, if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time. When the defendant makes that showing, the motion for a new trial must be filed within seven days of the trial court's order finding that the defendant was unavoidably prevented from discovering the evidence within the time prescribed by Crim.R. 33(B).

*State v. McNeal*, Slip Opinion No. 2022-Ohio-2703, ¶ 16.

{¶7} This Court has explained that "a two step process is anticipated when [a motion for a new trial] is made outside the period during which motions for a new trial are permitted as a matter of course[]" and has recognized that "[t]here will be an initial step that results in the issuance of an order from the court that there was an unavoidable delay." *State v. Georgekopoulos*, 9th Dist. Summit No. 21952, 2004-Ohio-5197, ¶ 7, quoting *State v. Dawson*, 9th Dist. Summit No. 19179, 1999 WL 492600, *2 (July 14, 1999). Consequently, a defendant who wants to file a motion premised on newly discovered evidence outside the 120-day timeframe provided by rule "must first obtain leave by filing a motion demonstrating that * * * he was 'unavoidably prevented from discovery of the evidence upon which he must rely.'" *State v. Baskerville*, 9th Dist. Summit No. 29327, 2019-Ohio-3639, ¶ 7, quoting Crim.R. 33(B). When the evidence submitted in support of a motion for leave does not, on its face, support the claim that the defendant was unavoidably prevented from timely discovering the evidence, the motion may be denied without a hearing. *State v. Yuschak*, 9th Dist. Medina No. 18CA0106-M, 2019-Ohio-4394, ¶ 11.

{¶8} This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion. *Id.* at ¶ 9. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence,

or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9} Mr. Grad's purported newly discovered evidence included scientific articles published in 2016, 2017, 2019, and 2021. Experts identified by the defense before trial—but not called to testify—are among the authors of each of those studies. The articles posit that guidelines promulgated by the American Academy of Pediatrics for the diagnosis of nonaccidental trauma are inadequate, that radiological studies are insufficient for diagnosis, that genetic disorders and/or congenital defects have been misdiagnosed as child abuse, and that fetal fractures can occur in pediatric patients who have tested negative for osteogenesis imperfecta. On the basis of these articles, Mr. Grad also identified lower-cost DNA testing, which is now available, as newly discovered evidence. Mr. Grad also suggested that the subsequent diagnosis of the victim's sibling with vitamin D deficiency, hypermobility, and Ehlers Danlos Syndrome is newly-discovered evidence, and he directed the trial court's attention to two investigative reports in the media that were critical of the State's expert and his methodology for diagnosing nonaccidental trauma.

{¶10} The trial court denied Mr. Grad's motion without a hearing, noting that two of the experts who authored the studies had been identified by him but not called as witnesses and that their medical opinions regarding the case had not changed. The trial court observed that although the jury did not hear the experts' opinions through their own testimony, their opinions were the foundation of the cross-examination of the State's expert. On this basis, the trial court concluded that, on its face, Mr. Grad's proposed evidence consisted of scientific theories that were not only known to him but utilized by the defense during the course of the trial.

{¶11} As this Court has previously noted, the defense did not call expert witnesses at trial. *Grad*, 2016-Ohio-8388, at ¶ 8-9. The State's expert was, however, thoroughly cross-examined

based on the theories that those experts espoused. Although the scientific studies that Mr. Grad characterizes as newly discovered evidence had not been published at the time of trial, those studies are premised on the same theories upon which the State's expert was cross-examined. *Compare State v. Chambers*, 4th Dist. Adams No. 20CA1125, 2021-Ohio-3388, ¶ 21; *State v. Stein*, 5th Dist. Richland No. 13CA51, 2014-Ohio-222, ¶ 27-33 (each rejecting the merits of the appellants' claims that developments in preexisting scientific theories constituted newly discovered evidence when the genesis of those theories existed at the time of trial). In a cross-examination informed by those theories, defense counsel also asked the State's expert about the necessity and desirability of further genetic testing, research that purported to undermine his own conclusions, and the existence of other medical conditions within Mr. Grad's family that, according to the defense, weakened the State's theory of the case.

{¶12} Given the nature of the purported newly discovered evidence and the fact that the theories underlying it formed the basis for the cross-examination of the State's expert at trial, this Court cannot conclude that the trial court abused its discretion by concluding that the evidence submitted in support of Mr. Grad's motion for leave did not, on its face, support the claim that he was unavoidably prevented from timely discovering it. *See Yuschak*, 2019-Ohio-4394, at ¶ 11. Accordingly, the trial court did not err by denying Mr. Grad's motion for leave.

{¶13} Mr. Grad's assignment of error is overruled.

III.

{¶14}  Mr. Grad's assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICK L. FERRARA, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.