[Cite as *State v. Hunter*, 2024-Ohio-4658.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31110 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEVONTE D. HUNTER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2011-11-3220-A |

DECISION AND JOURNAL ENTRY

Dated: September 25, 2024

SUTTON, Presiding Judge.

{¶1}     Gevonte Hunter appeals an order of the Summit County Court of Common Pleas denying his motion for leave to file a motion for a new trial.  For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2}     In 2012, a jury found Mr. Hunter guilty of aggravated murder, aggravated robbery, and murder, along with four three-year firearm specifications.  The trial court sentenced Mr. Hunter to life in prison with the possibility of parole after 33 years.  Mr. Hunter appealed and this Court affirmed his convictions.  *See State v. Hunter*, 2014-Ohio-910 (9th Dist.) ("*Hunter I*").  Since his direct appeal, Mr. Hunter has attempted to collaterally attack his convictions through various motions, including his 2020 motion for new trial.  In the 2020 motion, Mr. Hunter alleged he had newly discovered evidence including the affidavit of D.J., his own affidavit, and the unsworn

statement of L.O. The trial court denied the motion and this Court affirmed. *See State v. Hunter*, 2021-Ohio-2020 (9th Dist.) ("*Hunter II*"). On February 28, 2022, Mr. Hunter filed another motion for new trial which the trial court denied. Mr. Hunter appealed, but later voluntarily dismissed the appeal.

{¶3}     On May 22, 2023, Mr. Hunter simultaneously filed a motion for leave to file a motion for new trial and a motion for new trial. Mr. Hunter supported this motion with the affidavit of S.B., a fellow inmate incarcerated at Trumbull Correctional Institution, as well as Mr. Hunter's own affidavit. The affidavits indicated Mr. Hunter and S.B. met while in line for the microwave. S.B. and Mr. Hunter began speaking and made a connection regarding the murder at Kelley's Carryout which led to Mr. Hunter's convictions and imprisonment. S.B. attested he was an eyewitness to the murder, and the "shooter and the victim were of Arab descent[,]" and he is "100% certain the shooter was NOT Gevonte Hunter." (Emphasis in original.) S.B. also indicated that because he was 16-years old at the time, his mother would not allow him to come forward with this information. S.B. stated, "I assumed the shooting was caught on camera and the shooter went to prison for it because I knew Kelley's [Carryout] had video [cameras] outside." Mr. Hunter attested he and S.B. did not know each other at the time of the trial, and he was unaware S.B. could be a potential witness prior to May of 2023.

{¶4}     The State filed a memorandum in opposition to Mr. Hunter's motion for leave to file a motion for new trial. In its memorandum, the State argued Mr. Hunter failed to submit clear and convincing proof he was unavoidably delayed from discovering the information presented in S.B.'s affidavit. Further, the State filed a motion to dismiss Mr. Hunter's motion for new trial because it was improperly filed.

{¶5}     The trial court denied Mr. Hunter's motion for leave to file a motion for new trial without an evidentiary hearing.  In so doing, the trial court stated, in relevant part:

> Upon review, the [c]ourt finds that [Mr. Hunter] has failed to present clear and convincing evidence of unavoidable delay.  The only "newly discovered evidence" presented by [Mr.] Hunter is the affidavit of [S.B.] When considering the information in [S.B.'s] affidavit, the [c]ourt finds that the unavoidable delay depends significantly on the veracity of [S.B.'s] averments.  However, the [c]ourt finds that [S.B.'s] averments lack any indicia of truthfulness and that they have not been corroborated in any way.  Simply stated, [S.B.'s] affidavit fails to provide clear and convincing evidence of unavoidable delay.
>
> The [c]ourt also finds that [Mr.] Hunter has failed to explain what efforts were made before trial and within 120 days of the verdict to investigate this case and identify any potential witnesses.  As noted by the cases cited by the State, a criminal defendant has a duty to make a serious effort, on their own, to discover potential favorable evidence. [] "Claims that evidence was undiscoverable simply because the defense did not take the necessary steps earlier to obtain the evidence does not satisfy the requisite standard [under Crim. R. 33]." []  Here, [Mr.] Hunter does not set forth any efforts made by himself or counsel to uncover whether any eyewitnesses of the crime existed.

(Internal citations omitted.)  The trial court also granted the State's motion to dismiss Mr. Hunter's motion for new trial.

{¶6}     Mr. Hunter appeals, raising three assignments of error for our review.  To aid our analysis, we group Mr. Hunter's assignments of error.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND VIOLATED MR. HUNTER'S U.S. CONSTITUTIONAL RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS WHEN IT DENIED MR. HUNTER'S MOTION FOR LEAVE.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND VIOLATED MR. HUNTER'S U.S. CONSTITUTIONAL RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS WHEN IT DENIED**

**MR. HUNTER'S MOTION FOR LEAVE AND MOTION FOR NEW TRIAL WITHOUT A HEARING ON THE MOTIONS.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND VIOLATED MR. HUNTER'S CONSTITUTIONAL RIGHTS IN DENYING MR. HUNTER'S MOTION FOR NEW TRIAL AFTER HE PROVIDED EVIDENCE OF HIS ACTUAL/FACTUAL INNOCENCE.**

**{¶7}** Crim.R. 33(A)(6) provides that a trial court may grant a new trial if "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." *State v. Mills*, 2023-Ohio-3783, ¶ 5 (9th Dist.). "Ordinarily, a motion for new trial must be filed within 120 days 'after the day upon which the verdict was rendered[ ].'" *Id.*, quoting Crim.R. 33(B). "If a defendant can establish 'by clear and convincing proof' that he was 'unavoidably prevented from the discovery of the evidence upon which he must rely,' however, then he may file a motion for new trial 'within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.'" *Id.*

**{¶8}** "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Covender*, 2012-Ohio-6105, ¶ 14 (9th Dist.), quoting *State v. Rodriguez–Baron*, 2012-Ohio-5360, ¶ 11 (7th Dist.). "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *Covender* at ¶ 14, quoting *State v. Covender,* 2008-Ohio-1453, ¶ 6 (9th Dist.). "This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 2022-Ohio-4221, ¶ 8 (9th Dist.). "An abuse of

discretion is present when a trial court's decision 'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Id.*, quoting *Menke v. Menke*, 2015-Ohio-2507, ¶ 8 (9th Dist.).

{¶9} Having reviewed the record, we cannot conclude the trial court abused its discretion in denying Mr. Hunter's motion for leave to file a motion for new trial without holding a hearing. While S.B.'s affidavit addresses the reason he did not immediately come forward at the time of the murder, it does not address the threshold issue of unavoidable delay for the past 13-years. Instead, S.B. attests he "assumed" the murder was captured on the video camera at Kelley's Carryout and the "shooter went to prison for it." Moreover, while Mr. Hunter averred he did not know S.B. at the time of the murder, Mr. Hunter's affidavit is silent on the steps taken, if any, by himself or counsel to identify any eyewitnesses to the murder prior to trial or within 120 days of the verdict as required by Crim R. 33. *See State v. Fry*, 2024-Ohio-2351, ¶ 15 (9th Dist.) ("Fry did not produce any evidence to support his claim (e.g., affidavits from his former attorneys explaining any efforts they made to speak to the jurors or the reasons why it was not possible for them to do so). His filing was limited to his self-serving statements and argument."). *See also State v. Cleveland*, 2009-Ohio-397, ¶ 54 (9th Dist.) ("A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.").

{¶10} Because the record supports the trial court's conclusion that Mr. Hunter failed to satisfy his burden of proof on the issue of unavoidable delay, Mr. Hunter's assignments of error are overruled.

### III.

{¶11} Mr. Hunter's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

GEVONTE D. HUNTER, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.