[Cite as *State v. Baskerville*, 2019-Ohio-3639.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEANDRE BASKERVILLE

    Appellant

C.A. No.    29327

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2015-10-3270

DECISION AND JOURNAL ENTRY

Dated: September 11, 2019

CALLAHAN, Judge.

{¶1}    Appellant, Deandre Baskerville, appeals an order of the Summit County Court of Common Pleas that dismissed his petition for postconviction relief and denied his untimely motion for a new trial. This Court affirms.

I.

{¶2}    In 2016, a jury found Mr. Baskerville guilty of two charges of murder, one charge of felonious assault, and one charge of carrying a concealed weapon. The trial court sentenced him to a prison term of fifteen years to life. Mr. Baskerville appealed, and this Court affirmed his convictions. *State v. Baskerville*, 9th Dist. Summit No. 28148, 2017-Ohio-4050. On November 27, 2018, Mr. Baskerville filed a "Motion to Vacate Convi[c]tion, Set Aside Sentence, and Motion For a New Trial," in which he argued that he received ineffective assistance of counsel and that newspaper articles regarding another crime that were published

after he was sentenced demonstrated that he was selectively prosecuted. The trial court denied his motions, and Mr. Baskerville filed this appeal.

I.

**ASSIGNMENT OF ERROR**

APPELLANT WAS WRONGFULLY CONVICTED, THUS DEPRIVING HIM OF HIS RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION BECAUSE THE STATE'S PROSECUTION'S SELECTIVE AND DISCRIMINATORY SELECTION OF MR. BASKERVILLE FOR PROSECUTION WAS INVIDIOUS BASED ON HIS RACE.

**{¶3}** Mr. Baskerville's assignment of error argues that the trial court erred by denying his post-sentence motion. This Court disagrees.

**{¶4}** R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Mr. Baskerville filed his petition on November 27, 2018, so the current version of the postconviction statutes applies in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

**{¶5}** R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A trial court

may only entertain an untimely petition when the requirements of both R.C. 2953.21(A)(1)(a) and (A)(1)(b) are met. R.C. 2953.23(A). According to the first requirement, a petitioner must show:

> that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). To establish that a trial court has jurisdiction to consider an untimely petition, a petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless both of the requirements of R.C. 2953.23(A) are met. R.C. 2953.23(A); *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9.

{¶6} Mr. Baskerville's sentencing entry was dated February 9, 2016. The transcript in his direct appeal was filed on July 14, 2016, so under R.C. 2953.21(A)(2), he had until July 14, 2017, to petition for postconviction relief. Mr. Baskerville filed his petition on November 27, 2018, more than one year after that deadline passed. He did not demonstrate by clear and convincing evidence that the requirements of R.C. 2953.23(A)(1) were met, and consequently, the trial court did not have jurisdiction to entertain his untimely petition. *See Daniel* at ¶ 9. The trial court did not err by dismissing his petition on that basis.

{¶7} The trial also did not err by denying his motion for a new trial. This Court reviews a trial court's decision to deny a motion for a new trial for an abuse of discretion. *State v. McQuistan*, 9th Dist. Medina No. 17CA0007-M, 2018-Ohio-539, ¶ 42. A defendant who

seeks to file a motion for a new trial outside the timeframe provided by Crim R. 33(B) must first obtain leave by filing a motion demonstrating that he was unavoidably prevented from filing the motion for a new trial or, in the case of a motion premised on newly discovered evidence, that he was "unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B). As this Court has explained,

> "[A] two step process is anticipated when the motion is made outside the period during which motions for a new trial are permitted as a matter of course. There will be an initial step that results in the issuance of an order from the court that there was an unavoidable delay. Within seven days after that order, the motion for a new trial must be made. Crim.R. 33 does not specify the procedure by which the initial order is to be obtained."

(Alteration in original.) *State v. Georgekopoulos*, 9th Dist. Summit No. 21952, 2004-Ohio-5197, ¶ 7, quoting *State v. Dawson*, 9th Dist. Summit No. 19179, 1999 WL 492600, *2. *See also State v. Calise*, 9th Dist. Summit No. 26027, 2012-Ohio-4797, ¶ 75; *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49.

{¶8} Mr. Baskerville did not obtain leave to file his untimely motion for a new trial by filing a motion demonstrating that he was unavoidably prevented from filing within the fourteen-day time period applicable to motions filed under Crim.R. 33(A)(1)-(5) or, to the extent that his motion relied on newly discovered evidence, that he was unavoidably prevented from the discovery of any such evidence. *See Dawson* at *2. The trial court did not abuse its discretion by denying his untimely motion on this basis.

{¶9} Mr. Baskerville's assignment of error is overruled.

III.

{¶10} Mr. Baskerville's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


LYNNE S. CALLAHAN
FOR THE COURT


TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DEANDRE J. BASKERVILLE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.