[Cite as *State v. Cleavenger*, 2022-Ohio-1041.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     29711 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TODD CLEAVENGER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 19 01 0041 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

CARR, Judge.

**{¶1}** Appellant, Todd Cleavenger, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** The Summit Count Grand Jury indicted Cleavenger on one count of kidnapping, one count of felonious assault, and one count of abduction. The matter proceeded to a jury trial where Cleavenger was convicted of the charged offenses. After merging the count of abduction into the count of kidnapping for sentencing purposes, the trial court imposed an 11-year prison term on the count of kidnapping and a five-year prison term on the count of felonious assault. The trial court further ordered that the prison sentences were to be served consecutively.[1]

---

[1] As of the date of this decision, Cleavenger's direct appeal is still pending.

{¶3}    Around the time of Cleavenger's sentencing and immediately thereafter, Cleavenger filed a host of motions in the trial court challenging his convictions, which were denied.

{¶4}    Approximately six months later, on February 24, 2020, Cleavenger filed another series of motions in the trial court.  Cleavenger filed a motion for leave to file a motion for new trial as well as a supplement to the motion containing an affidavit.  The trial court denied the motion approximately one week later.

{¶5}    Cleavenger has appealed from the order denying his motion for leave to file a motion for new trial.  Now before this Court, Cleavenger raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT INCORRECTLY DENIED CLEAVENGER'S MOTION FOR LEAVE TO MOVE FOR A NEW TRIAL, UNDER [CRIM.R.] 33(A)(6)[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT DETERMINING IF "UNAVOIDABLE PREVENTION" HAD IN FACT BEEN TOTALLY ESTABLISHED TO DETERMINE IF THE EVIDENCE WAS NEWLY DISCOVERED; AND/OR DETERMINE IF CLEAVENGER ACTED WITH "REASONABLE DILIGENCE" IN [AND] AFTER THE DISCOVERY OF THE NEW EVIDENCE, WITH RESPECT TO DENYING CLEAVENGER'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL [AND] SUPPLEMENT[.]

{¶6}    In his first assignment of error, Cleavenger contends that the trial court abused its discretion in denying his motion for leave to file a motion for new trial.  In his second assignment of error, Cleavenger argues that the trial court made an erroneous finding regarding whether he was unavoidably prevented from discovering the evidence which served as the basis for his motion for leave.  This Court disagrees.

**{¶7}** "A trial court's ruling on a motion for leave to file a motion for new trial will not be reversed absent an abuse of discretion." *State v. Powe*, 9th Dist. Summit No. 29413, 2019-Ohio-5332, ¶ 9. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** Crim.R. 33(B) states:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶9}** In this case, Cleavenger filed a motion for leave to file a motion for new trial on the basis of newly discovered evidence. Specifically, Cleavenger claimed that he had discovered evidence that would demonstrate that it was physically impossible for him to have committed the alleged crimes. Cleavenger filed his motion outside of the 120-day window set forth in Crim.R. 33(B). "A defendant who seeks to file a motion for a new trial outside the timeframe provided by Crim.R. 33(B) must first obtain leave by filing a motion demonstrating that he was unavoidably prevented from filing the motion for a new trial or, in the case of a motion premised on newly discovered evidence, that he was 'unavoidably prevented from the discovery of the evidence upon which he must rely.'" *State v. Baskerville*, 9th Dist. Summit No. 29327, 2019-Ohio-3639, ¶ 7, quoting Crim.R. 33(B).

{¶10} In support of his motion for leave, Cleavenger argued that the transcript of proceedings was recently completed and that a review of the transcript had revealed details about the case that were not previously known. Cleavenger further contended that he had recently obtained affidavits from medical professionals containing new information about the aging timeframe and stages of bruises. Similarly, Cleavenger suggested that he had discovered scientific research articles regarding the aging of bruises. In his affidavit, Cleavenger averred that he first learned that this information was available when speaking with a physician at the Richland Correctional Institution ("RCI"), who explained that studying injuries on the human body can reveal the timeframe within which the injuries occurred. Cleavenger conducted research in RCI's library to confirm the physician's statements. Cleavenger averred that the constraints associated with his incarceration prohibited him from discovering this information earlier.

{¶11} In denying Cleavenger's motion for leave, the trial court found that Cleavenger failed to demonstrate by clear and convincing evidence that the allegedly newly discovered evidence did not exist or could not have been discovered either in time for trial or prior to the deadline for filing a timely motion for new trial. The trial court observed that it appeared Cleavenger was simply trying to raise a new theory of the case in his motion.

{¶12} Under these circumstances, we cannot say that the trial court's denial of the motion for leave to file a motion for new trial was an abuse of discretion. To the extent that Cleavenger's motion was predicated on a review of the transcript of proceedings, it is axiomatic that the details contained therein were available to the parties at the time of trial and did not constitute new evidence. *See State v. Stone*, 9th Dist. Lorain No. 89CA004522, 1989 WL 117280, *2 (Oct. 4, 1989). Cleavenger further failed to demonstrate that he was unavoidably prevented from discovering the evidence pertaining to the aging of bruises, which was purportedly derived from

research articles and affidavits from medical professionals. A defendant is not unavoidably prevented from discovering new evidence when he could have discovered the evidence through the exercise of due diligence and reasonable effort in preparing for trial. *State v. Harwell*, 2d. Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 17; *Healy v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 25888, 2012-Ohio-2170, ¶ 16. In his own affidavit, Cleavenger offered an explanation regarding how he did not come to personally learn about the evidence pertaining to the aging of bruises until February 2020. Notably, however, Cleavenger failed to explain, much less show by clear and convincing evidence, why this information could not have been discovered through the exercise of due diligence at the time of trial. It follows that the trial court's decision to deny the motion for leave cannot be characterized as unreasonable, arbitrary, or unconscionable. *See Blakemore*, 5 Ohio St.3d at 219.

{¶13} Cleavenger's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT DETERMINING IF CLEAVENGER[']S DUE PROCESS RIGHTS WERE VIOLATED AS HE HAD ASSERTED, IN HIS "MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL" [AND] "SUPPLEMENT[,]" PURSUANT TO GIGLIO V. UNITED STATES, AS BY CLEAVENGER AFFIRMING SUCH, DEMANDED THE SENTENCING COURT UTILIZE A DIFFERENT STANDARD TO REVIEW CLEAVENGER'S PLEADING[.] THE SENTENCING COURT ABUSED ITS DISCRETION BY NOT COMPLETING SUCH [AND] FOLLOWING THE APPLICABLE LAW.

{¶14} In his final assignment of error, Cleavenger maintains that the trial court erred by failing to undertake an analysis pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) as to whether the State violated his due process rights by refusing to disclose exculpatory evidence. Although Cleavenger raised a number of issues in support of his motion for leave to file a motion for new trial and the supplement thereto, he did not raise a due process challenge pursuant to *Brady* and *Giglio*. Because Cleavenger did not raise this

issue before the trial court, he has forfeited all but plain error on appeal. *See State v. Kirkby*, 9th Dist. Summit Nos. 27381, 27399, 2015-Ohio-1520, ¶ 13. Cleavenger has not set forth a plain error argument in his merit brief. App.R. 16(A)(7). Accordingly, Cleavenger's third assignment of error is overruled.

## III.

{¶15} Cleavenger's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

TODD CLEAVENGER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.