[Cite as *State v. Coleman*, 2025-Ohio-2581.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30939 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN COLEMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2018-01-0287 |

DECISION AND JOURNAL ENTRY

Dated: July 23, 2025

CARR, Judge.

{¶1}   Appellant, John Coleman, pro se, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 2019, Coleman was convicted of two counts of burglary in violation of R.C. 2911.12(A)(2).  Coleman appealed and this Court issued a decision affirming his convictions. *State v. Coleman*, 2020-Ohio-2807 (9th Dist.).

{¶3}   In the years that followed, Coleman filed a number of motions attacking his convictions that were denied by the trial court.  Coleman also filed a motion for judicial release that was denied.

{¶4}   Thereafter, on October 17, 2023, Coleman filed a pro se motion for leave to file a motion for new trial.  The State filed a brief in opposition to the motion for leave, arguing that Coleman had neither identified any new evidence, nor addressed why he was unavoidably

prevented from filing a timely motion for new trial. Coleman filed a reply brief in support of his motion. Coleman then filed a motion to appoint counsel as well as a separate motion for the appointment of standby counsel. The trial court subsequently issued a journal entry denying the motion for leave, the motion to appoint counsel, and the motion to appoint standby counsel.

{¶5} On appeal, Coleman raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT COLEMAN WAS TRIED, CONVICTED, AND SENTENCED ON BURGLARY R.C. 2911.12(A)(2), BEHIND ILLEGAL EVIDENCE, IN VIOLATION OF THE 4TH AND 14TH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION, AND THE OHIO CONSTITUTION[,] ART. I.[,] § 14.

{¶6} In his sole assignment of error, Coleman argues that the trial court erred by denying his motion for leave to file a motion for new trial. This Court disagrees.

{¶7} A trial court's ruling on a motion for leave to file a motion for new trial is reviewed for an abuse of discretion. *State v. Cleavenger*, 2022-Ohio-1041, ¶ 7 (9th Dist.); *see also State v. Hunter*, 2024-Ohio-4658, ¶ 9 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Crim.R. 33(A)(6) provides that a new trial may be granted "when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) provides, in pertinent part, as follows:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed

within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶9} Coleman filed his motion for leave to file a motion for new trial on the basis that he had discovered new evidence. Coleman filed his motion on October 17, 2023, more than four years after the jury rendered its verdicts in this case and well outside the 120-day window for filing a motion for new trial set forth in Crim.R. 33(B). "A defendant who seeks to file a motion for a new trial outside the timeframe provided by Crim.R. 33(B) must first obtain leave by filing a motion demonstrating that he was unavoidably prevented from filing the motion for a new trial or, in the case of a motion premised on newly discovered evidence, that he was 'unavoidably prevented from the discovery of the evidence upon which he must rely.'" *State v. Baskerville*, 2019-Ohio-3639, ¶ 7 (9th Dist.), quoting Crim.R. 33(B). This Court has held that "[u]navoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Mills*, 2023-Ohio-3783, ¶ 6 (9th Dist.), quoting *State v. Covender*, 2012-Ohio-6105, ¶ 14 (9th Dist.).

{¶10} Under the circumstances here, the trial court did not abuse its discretion in denying Coleman's motion for leave to file a motion for new trial. In support of his motion, Coleman set forth a narrative detailing how a detective from the Akron Police Department knowingly made false statements in order to obtain the search warrant that police relied on to collect DNA samples from Coleman. Coleman argued that the tactics used by police resulted in a deprivation of his constitutional rights. Significantly, however, Coleman did not address how the narrative set forth in his motion was predicated on newly discovered evidence. Coleman also failed to explain how he was unavoidably prevented from discovering the evidence that purportedly served as the basis for his motion. "A defendant is not unavoidably prevented from discovering new evidence when

he could have discovered the evidence through the exercise of due diligence and reasonable effort in preparing for trial." *Cleavenger*, 2022-Ohio-1041, at ¶ 12 (9th Dist.). As Coleman failed to explain how he was unavoidably prevented from discovering new evidence, we cannot say that the trial court's order denying his motion for leave was unreasonable, arbitrary, or unconscionable.

**{¶11}** Coleman's sole assignment of error is overruled.

## III.

**{¶12}** Coleman's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN COLEMAN, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.