[Cite as *State v. Beasley*, 2020-Ohio-1170.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    19CA0012-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JESSICA BEASLEY | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    18 TRC 01169 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jessica A. Beasley, appeals the judgment of the Medina Municipal Court releasing a vehicle to interested third-party, Ally Bank Lease Trust. This Court affirms.

I.

{¶2} On February 10, 2018, Ms. Beasley was charged with operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), and failure to operate within marked lanes in violation of R.C. 4511.33. Ms. Beasley entered an initial plea of not guilty to both charges. Pursuant to a plea agreement, Ms. Beasley changed her plea on the OVI charge in exchange for the State's dismissal of the marked lanes charge. In the agreement, Ms. Beasley acknowledged that she was convicted of OVI on three prior occasions within ten years of this offense: September 22, 2015; January 22, 2013; and January 6, 2009.

{¶3}    At the time of the incident Ms. Beasley was driving a 2017 Jeep Compass (the "vehicle").  The trial court set a hearing, pursuant to R.C. 4503.234, for forfeiture of the vehicle "as required as part of [her] sentencing under R.C. 4511.19(G)(1)(c)(v)."  The hearing was set for November 21, 2018.

{¶4}    Prior to the hearing, Ms. Beasley filed a request to waive forfeiture because she was not the owner of the vehicle.  She asserted that the vehicle was owned, and title held, by V.A.U.L. Trust.  Further, she attached the lease paperwork to show that this was a leased vehicle and that an innocent party, co-lessee Michael Sellers, was also an obligated lessee.  The trial court denied the request, stating that the hearing was required and that potential interest holders would be notified.

{¶5}    On November 6, 2018, the trial court issued a notice of potential order of forfeiture, pursuant to R.C. 4503.234(B)(1), to entities and persons identified as possible lienholders or persons with a right, title, or interest in the vehicle, to wit: V.A.U.L. Trust, Ally Financial, Ally Financial, Inc. as Servicer, Ally Financial, Inc. c/o Registered Agent for Service, and Michael A. Sellers.  The State issued its notice of forfeiture, as required by R.C. 4503.234(A), on November 7, 2018.  Attached to the State's notice was, inter alia, an affidavit from the Ohio Bureau of Motor Vehicles listing V.A.U.L. Trust as the owner of the vehicle and Ally Financial as the lienholder.  Ms. Beasley filed a request to deny forfeiture.

{¶6}    Ally Bank Lease Trust ("Ally") filed a motion as an interested third party.  Ally moved the trial court for an order recognizing Ally's interest and returning the vehicle to Ally.  In its brief in support of the motion, Ally asserted that it maintained a security interest in and was owner of the vehicle.  Ally acknowledged that Ms. Beasley was a party to the lease agreement but asserted she had defaulted on the terms of the lease and lost any right to possession of the vehicle.

{¶7}    Along with its motion, Ally submitted the affidavit of its Confiscation/Seizure Specialist, Kaitlin Koenig, as evidence to satisfy the criteria of R.C. 4503.234(B)(2) in support of its request to avoid forfeiture and have the vehicle returned to its possession.  In the affidavit, Ms. Koenig stated that Ally neither knew nor could have known after a reasonable inquiry that the vehicle would be used or involved, or likely would be used or involved, in the violation resulting in the issuance of an order of criminal forfeiture.  The affiant further attested that at no time did Ally consent or impliedly consent to the use of the vehicle for a criminal purpose, and that Ally acquired its interest in the vehicle prior to the date of Ms. Beasley's offense.  Ms. Koenig also averred on behalf of Ally, as is required by R.C. 4503.234(B)(2), that, should the trial court return the vehicle to Ally, Ally would not return the vehicle to Ms. Beasley or to any member of her family and would not otherwise knowingly permit Ms. Beasley or any member of her family to obtain possession of the vehicle.

{¶8}    At the hearing, Ally appeared through counsel to assert its request for return of the vehicle.  The State informed the trial court that it was not seeking forfeiture of the vehicle and agreed that it should be returned to Ally.  The trial court indicated it would find that Ally was an innocent owner of the vehicle and order the vehicle returned to Ally.  Thereafter, counsel for Ms. Beasley requested that the trial court not order forfeiture of the vehicle.  The trial court confirmed it was "not going to" order forfeiture and reiterated that it would order that possession of the vehicle be transferred to Ally.

{¶9}    On January 11, 2019, the trial court accepted Ms. Beasley's plea of no contest, found her guilty on the OVI charge, and imposed sentence.  The trial court also issued an order granting Ally's motion as an interested party and ordering that the vehicle be returned to Ally in accordance with R.C. 4503.234(B)(2).

{¶10} Ms. Beasley timely appealed, raising three assignments of error for our review.

II.

**Assignment of Error I**

***Austin v. United States 509 US 602, at 93 (1993)*** found the Eighth Amendment prohibition/provision pf Excessive Fines applicable to federal forfeiture. ***Timbs v. Indiana, decided February 20, 2019 586 US (2019)*** found the 14th Amendment due process clause makes the Eighth Amendment prohibition on Excessive Fines is an incorporated protection applicable to the states. The forfeiture in this case is an *in rem* forfeiture and is in violation of the 8th Amendment to the United States Constitution *"Excessive bail shall not be required, **nor excessive fines imposed,** nor cruel and unusual punishment inflicted."* The turnover of the leased vehicle to Lessor creates an excessive financial punishment of Appellant and on an innocent party, the Co-Lessee Michael Sellers. [sic]

{¶11} Despite the lack of clarity in this first assignment of error as to the exact nature of her argument, Ms. Beasley clearly asserts that "the forfeiture" in this case is unconstitutional and that the "turnover" of the vehicle to its owner, Ally, "creates an excessive financial punishment[.]" Contrary to Ms. Beasley's contention, however, the trial court did not order criminal forfeiture of the vehicle. *See* R.C. 4503.234(C). As is evident from the record summarized above, the trial court ordered the return of the vehicle to Ally, pursuant to R.C. 4503.234(B), and Ms. Beasley has not asserted an argument suggesting the trial court erred in so doing. Further, Ms. Beasley did not assert in the trial court, and has not developed an argument in support of her assertion on appeal that the turnover of the vehicle to Ally constituted an excessive financial punishment.

{¶12} Moreover, to the extent Ms. Beasley attempts to assert an argument on behalf of Michael Sellers, that argument is beyond the scope of the present appeal. Mr. Sellers did not appear before the trial court to assert any rights or interest in the vehicle, to challenge the trial court's decision, or to allege any lack of sufficient notice. Mr. Sellers is not a party to this appeal and—the assertion of Ms. Beasley's counsel in her reply brief notwithstanding—no "appearance has been entered on behalf of Mr. Sellers by [counsel] in the instant appeal."

**{¶13}** Therefore, we conclude that Ms. Beasley's argument is without merit. Ms. Beasley's first assignment of error is overruled.

## Assignment of Error II

Ohio Rev. Code 4503.234 is unconstitutionally overbroad concerning "family prohibition," and does not provide Due Process, pursuant to the fifth Amendment to the United States Constitution *"no person shall be deprived of.... Property without due process of law."* Due process of the law is violated when the burden of proof is shifted to an innocent owner/lessee, and also violates the Seventh Amendment and Fourteenth Amendment to the United States Constitution, "no state shall deprive any person of property without due process of Law; no state shall deny equal protection of laws; and per the Seventh Amendment which declares that any controversy exceeding twenty dollars shall be preserved. [sic]

**{¶14}** The record reflects that Ms. Beasley did not assert any argument regarding the due process or the constitutionality of R.C. 4503.234 in the trial court, and Ms. Beasley attempts to raise these arguments for the first time on appeal. "The failure to raise a constitutional issue at the trial level [forfeits] the right to advance a constitutional argument at the appellate level." *State v. McGinnis*, 9th Dist. Medina No. 05CA0061-M, 2006-Ohio-2281, ¶ 29, citing, *e.g.*, *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "While a defendant who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if a defendant fails to do so." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41, citing *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11. "Because [Ms. Beasley] forfeited this issue on appeal and has not argued plain error, we must conclude that [her argument] lacks merit." *Id.* at ¶ 42.

**{¶15}** Ms. Beasley's second assignment of error is overruled.

## Assignment of Error III

Ohio Rev. Code 4503.234 is to be strictly construed. In this case notice to all necessary parties did not occur. The Court ordered all parties in interest be notified by certified mail return receipt. Only one party was attempted to be notified. [sic]

{¶16} We glean from Ms. Beasley's third assignment of error, an argument suggesting that notice of a potential order of forfeiture was not sent to all interested parties. The court's order instructed the clerk to send notice to non-parties as follows:

The Clerk is hereby directed to cause this notice to be sent by certified mail, return receipt requested, or by personal service, to the following person/entity:

V.A.U.L. Trust
3104 Unionville Rd.,
Cranberry Twp., PA 16086
　　　　　and
Ally Financial, Inc. as Servicer
200 Renaissance Center, 482 B09 C34
Detroit, MI 48265

Ally Financial
P.O. Box 8133
Cockeysville, MD 21030
　　　　　c/o
Ally Financial, Inc.
c/o Registered Agent for Service CT
Corporation System
4400 Easton Commons Way, Ste. 125
Columbus, OH 43219

Michael A. Sellers
1755 Brintnall Dr.
Brunswick, OH 44212

The record reflects that the clerk issued service of the notice to each person and/or entity listed in the order via FedEx service.

{¶17} Ms. Beasley has not developed an argument to show that any interested person or entity failed to receive sufficient notice of the potential order of forfeiture, or that she was prejudiced in any way by the manner in which notice was issued. *See* App.R. 16(A)(7). Further, to the extent Ms. Beasley attempts to argue that Mr. Sellers did not receive proper notice, we have already stated that such argument is beyond the scope of this appeal. This Court will not "guess at undeveloped claims on appeal." *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31. This Court declines to construct an argument to support an assignment of error on Ms. Beasley's behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8.

{¶18} Ms. Beasley's third assignment of error is overruled.

III.

{¶19} Ms. Beasley's three assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

HENSAL, J.
CONCURRING.

**{¶20}** I write separately to clarify what happened in the trial court. I agree that Ms. Beasley's first assignment of error fails because the trial court did not order a forfeiture of her vehicle. There is a difference between a "forfeiture" and what happened in this case. Section 4503.234(C)(1) provides that, if a vehicle is "ordered criminally forfeited to the state[,]" it "shall be given to the law enforcement agency that employs the law enforcement officer who seized the vehicle[.]" If the agency does not want the vehicle, it "shall be sold * * * at a public auction to the highest bidder for cash." R.C. 4502.234(C)(2). The proceeds of that sale are then distributed to various government agencies or private entities through a series of steps. *Id*.

**{¶21}** In this case, the trial court employed the procedure laid out in Section 4503.234(B), not the forfeiture procedure laid out in Section 4503.234(C). Under Section 4503.234(B)

> No order of criminal forfeiture shall be issued * * * if a lienholder * * * establishes to the court, by a preponderance of the evidence * * *, that the lienholder * * * neither knew nor should have known after a reasonable inquiry that the vehicle would be used or involved, or likely would be used or involved, in the violation resulting in the issuance of the order of criminal forfeiture * * * that the lienholder or other person did not expressly or impliedly consent to the use or involvement of the vehicle in that violation, and that the lien * * * interest was perfected pursuant to law prior to the seizure of the vehicle * * *.

R.C. 4503.234(B)(2). If a lienholder satisfies its burden, "the court shall preserve the lienholder's * * * lien or interest, and the court either shall return the vehicle to the holder, or shall order that the proceeds of any sale * * * be paid to the lienholder * * * less the costs of seizure, storage, and maintenance of the vehicle. *Id*.

**{¶22}** In this case, the trial court determined that Ally met its burden and ordered the title of the vehicle "transferred" to Ally and the vehicle itself "release[d]" to Ally, as is authorized by Section 4503.234(B)(2). Ms. Beasley has not established that the release of the vehicle to Ally

constituted an excessive fine to her. Regarding Mr. Sellers' interest in the vehicle, I do not believe that Ms. Beasley has standing to raise an argument on his behalf.

{¶23} Regarding the second assignment of error, I agree that Ms. Beasley did not preserve her constitutional arguments for appeal, and I recognize that she has not argued plain error in her brief. Regarding the third assignment of error, even if this Court assumed that the trial court failed to properly notify some entities about the potential order of forfeiture, Ms. Beasley has failed to establish that she was prejudiced by the omissions. She does not dispute that she received adequate notice of the hearing and was able to participate at it.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

GREGORY HUBER, Prosecuting Attorney, for Appellee.