[Cite as *State v. Mills*, 2023-Ohio-3783.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.      30668 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PHIL D. MILLS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.      CR 16 08 2784 |

DECISION AND JOURNAL ENTRY

Dated: October 18, 2023

HENSAL, Presiding Judge.

{¶1}    Phil D. Mills appeals the denial of his motion for leave to file a motion for new trial and his petition for post-conviction release by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    A jury found Mr. Mills guilty of aggravated robbery, aggravated burglary, and having weapons while under disability after his DNA was found on the handle of a gun and a ski mask that were used in the commission of those offenses, even though a defense witness testified that he had committed the offense instead of Mr. Mills. This Court affirmed Mr. Mills's convictions on direct appeal but remanded the matter for a limited resentencing hearing. Mr. Mills later petitioned for post-conviction release, but the trial court denied his petition, and this Court upheld its decision.

{¶3} A year later, Mr. Mills filed another petition for post-conviction relief and moved for leave to file a motion for new trial. According to Mr. Mills, a witness ("D.J.") had come forward who could corroborate the real offender's testimony. According to D.J., a few days after Mr. Mills left the gun and mask at D.J.'s home, the person who actually committed the offenses took the items without D.J.'s knowledge. When Mr. Mills came back later to retrieve the items, he discovered they were missing. D.J. contacted the real offender, who admitted taking the gun and mask from his house. D.J. also averred that the reason he did not come forward sooner was because he had assumed the testimony of the actual offender would be sufficient to exonerate Mr. Mills.

{¶4} The trial court found that Mr. Mills was not unavoidably prevented from discovering the new evidence. It, therefore, denied his motion for leave and his petition for post-conviction relief. Mr. Mills has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AFTER FAILING TO GRANT LEAVE [ON A NEW TRIAL MOTION FOR LEAVE PURSUANT TO CRIM.R.33(B)].

{¶5} In his first assignment of error, Mr. Mills argues that the trial court incorrectly denied his motion for leave to file a delayed motion for new trial. Criminal Rule 33(A)(6) provides that a trial court may grant a new trial if "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Ordinarily, a motion for new trial must be filed within 120 days "after the day upon which the verdict was rendered[]." Crim.R. 33(B). If a defendant can establish "by clear and convincing proof" that he was "unavoidably prevented from the discovery of the evidence upon which he must

rely," however, then he may file a motion for new trial "within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id*.

{¶6} "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 14, quoting *State v. Rodriguez–Baron*, 7th Dist. Mahoning No. 12–MA–44, 2012-Ohio-5360, ¶ 11. "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *Id*., quoting *State v. Covender*, 9th Dist. Lorain No. 07CA009228, 2008-Ohio-1453, ¶ 6. "This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 9th Dist. Medina No. 22CA0011-M, 2022-Ohio-4221, ¶ 8. "An abuse of discretion is present when a trial court's decision 'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Id*., quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8.

{¶7} In its order, the trial court noted that Mr. Mills had testified via affidavit that he was aware of D.J.'s knowledge before trial but that his counsel at the time advised him that D.J.'s testimony would not be necessary. Mr. Mills also testified that he attempted to obtain an affidavit from D.J. following his conviction, but D.J. would not provide one until his appeals failed. The trial court concluded that Mr. Mills was not unavoidably prevented from discovering the alleged new evidence because he knew D.J.'s identity, whereabouts, and the substance of his testimony before trial.

{¶8}    In his brief, Mr. Mills focuses on the criteria for granting a motion for new trial not the criteria for a motion for leave to file an untimely motion for new trial. *See State v. Petro*, 148 Ohio St. 505 (1947), syllabus.  He also acknowledges that he has been in contact with D.J. throughout the duration of his sentence.  He asserts, however, that D.J. was not ready to assist in his defense until the time that he filed his motion.

{¶9}    According to D.J.'s affidavit, he did not come forward earlier because he assumed the testimony of the real offender would be enough to free Mr. Mills.  He does not express any reluctance to assist Mr. Mills or indicate that he ever refused to participate in Mr. Mills's defense.

{¶10}   Upon review of the record, we cannot say that the trial court incorrectly determined that Mr. Mills failed to establish by clear and convincing evidence that he was unavoidably prevented from discovering the evidence upon which he intended to rely in his motion for new trial.  We, therefore, conclude that the court did not improperly exercise its discretion when it denied Mr. Mills' motion for leave to file a motion for new trial.  Mr. Mills's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AFTER FAILING TO ACKNOWLEDGE [THAT] APPELLANT'S PETITION FOR POST-CONVICTION RELIEF [WAS TIMELY] PURSUANT TO R.C. 2953.23(A)(1)(a).

{¶11}   In his second assignment of error, Mr. Mills argues that the trial court incorrectly denied his petition for post-conviction relief.  Mr. Mills acknowledges that, because his petition is successive, he had to satisfy the requirements of Revised Code Section 2953.23(A)(1)(a) for the trial court to consider it.  Under that section, Mr. Mills had to show (1) that he was "unavoidably prevented" from discovering the facts he relied on, or (2) that "the United States Supreme Court [has] recognized a new federal or state right that applies retroactively to persons in [his]

situation[.]" R.C. 2953.23(A)(1)(a). He also had to show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(1)(b). We review whether a trial court had jurisdiction to entertain an untimely, second, or successive petition for post-conviction relief de novo. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 38.

{¶12} As with Mr. Mills's motion for leave to file a motion for new trial, the trial court determined that he was not unavoidably prevented from discovery of the facts upon which he relied, noting that Mr. Mills had been in contact with D.J. repeatedly since his trial. Mr. Mills argues that D.J. was reluctant to become involved in the matter, however, until he was mentally, physically, and spiritually prepared to do so. Mr. Mills notes that, in *State v. Martin*, 2d Dist. Montgomery No. 20024, 2004-Ohio-73, the Second District Court of Appeals concluded that a petition for post-conviction relief was not untimely even though the defendant knew at the conclusion of his trial that there were alibi witnesses his trial counsel could have called. It reasoned that the petition could not have been filed earlier because, "[a]bsent affidavits from the alibi witnesses themselves, the trial court almost certainly would have denied Martin's claim on the basis that it was unsupported by anything other than his own self-serving affidavit." *Id*. at ¶ 15.

{¶13} The trial court distinguished *Martin* because the witnesses in that case would have provided an alibi for the defendant while the testimony of D.J. would only corroborate the testimony of the alleged real offender. It also noted that, despite his effort, the defendant in *Martin* lost contact with the alibi witnesses following his conviction until they contacted him. Mr. Mills, on the other hand, was in repeated contact with D.J. following his trial.

{¶14} Upon review of the record, we agree with the trial court that Mr. Mills did not establish that he was unavoidably prevented from discovering the facts that he was relying on in

his successive petition for post-conviction relief. The trial court, therefore, did not have authority to consider the merits of the petition. Mr. Mills's second assignment of error is overruled.

## III.

{¶15} Mr. Mills's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

PHIL D. MILLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.