[Cite as *State v. Fry*, 2024-Ohio-2351.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 30836 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE FRY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 08 3007 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2024

CARR, Judge.

{¶1} Defendant-Appellant, Clarence Fry, appeals from the judgment of the Summit County Court of Common Pleas, denying him leave to file a motion for a new trial. This Court affirms.

I.

{¶2} In 2006, a jury found Fry guilty of capital murder, aggravated murder, murder, aggravated burglary, two counts of domestic violence, tampering with evidence, intimidation of a witness, and menacing by stalking. Following the penalty phase of his trial, the jury recommended a sentence of death. The trial court agreed with that recommendation and imposed the death penalty. The Ohio Supreme Court ultimately affirmed Fry's convictions and sentence of death on direct appeal. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017.

{¶3} In 2007, Fry filed a petition for post-conviction relief. The trial court denied his petition without holding a hearing, and Fry appealed. This Court reversed the trial court's

judgment to the extent it failed to assess the credibility of the evidence linked to Fry's twelfth ground for relief. *State v. Fry*, 9th Dist. Summit No. 26121, 2012-Ohio-2602, ¶ 38-39. In that ground for relief, Fry alleged his sentence was void or voidable because the trial court had failed to obtain a knowing, intelligent waiver of his right to testify. *Id.* at ¶ 38. This Court remanded the matter and ordered the trial court to consider Fry's evidence on that claim. *Id.* at ¶ 39.

{¶4} On remand, the trial court held an evidentiary hearing. It then issued a judgment on November 21, 2017. The trial court found that Fry's twelfth ground for relief lacked merit. Consequently, it once again concluded that he was not entitled to post-conviction relief. Although Fry appealed, this Court affirmed the trial court's judgment. *State v. Fry*, 9th Dist. Summit No. 28907, 2019-Ohio-958.

{¶5} In 2022, Fry moved for a new trial based on newly discovered evidence. The trial court denied his motion as untimely, noting that Fry had not sought leave to file his motion. Fry then filed a motion for leave to file his motion for a new trial. He argued that he had been unavoidably prevented from discovering the new evidence in support of the motion until 2022. The trial court concluded that Fry did not satisfy his burden of proof in that regard. Consequently, it denied his motion for leave.

{¶6} Fry now appeals from the trial court's judgment and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL AND FOR FAILING TO HOLD A HEARING.

**{¶7}** In his sole assignment of error, Fry argues the trial court abused its discretion when it denied his motion for leave to file a motion for new trial without holding a hearing. We disagree.

**{¶8}** A motion for new trial based on newly discovered evidence must be filed within 120 days "after the day upon which the verdict was rendered * * *." Crim.R. 33(B). Newly discovered evidence is that which the defendant "could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). If a defendant seeks to file a motion for new trial outside the 120-day period, he must obtain leave from the court to do so. *State v. Davis*, 9th Dist. Summit No. 30231, 2023-Ohio-1657, ¶ 27. "[U]ntil a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court." *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 41.

**{¶9}** To successfully obtain leave to file a motion for new trial based on newly discovered evidence, a defendant must show by clear and convincing evidence that he "was unavoidably prevented from the discovery of the evidence upon which he must rely" during the 120-day period. Crim.R. 33(B). "'Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.'" *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 14, quoting *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11. "'[C]riminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence.'" *Covender* at ¶ 14, quoting *State v. Anderson*, 10th Dist. Franklin No. 12AP133, 2012-Ohio-4733, ¶ 14. Mere allegations of unavoidable delay will not suffice. *State v. Mills*, 9th Dist. Summit No. 30668, 2023-Ohio-3783, ¶ 6, quoting *Covender* at ¶ 14. Clear and convincing proof is that "which will produce in the mind of the trier of facts a firm belief or

conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶10} "This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 9th Dist. Medina No. 22CA0011-M, 2022-Ohio-4221, ¶ 8. Likewise, we apply the abuse of discretion standard when reviewing a trial court's decision not to hold a hearing on an untimely motion for leave. *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 45. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} In his motion for leave, Fry alleged that he received newly discovered evidence when the attorney pursuing his federal habeas petition spoke with one of the jurors in his death penalty case. The female juror said no one on the jury wanted to recommend the death penalty and the jury would have preferred to recommend life without parole. The female juror indicated that the jury was told life without parole was not an option because Fry had waived mitigation. Accordingly, she felt the death penalty was the only choice the jury had. The female juror completed an affidavit regarding the foregoing statements, and Fry attached her affidavit to his motion for leave. He did not attach any additional evidence. Instead, he argued in the body of his motion for leave that he was unavoidably prevented from discovering the female juror's sworn statement within the 120-day period because death penalty cases are voluminous, the 120-day deadline had already expired by the time he received a copy of the trial transcript bearing the jurors' identities, his attorneys were occupied pursuing his appeals and post-conviction filings, and his attorneys could not compel jurors to speak with them.

{¶12} The trial court rejected Fry's motion for leave based on his failure to present clear and convincing evidence of unavoidable delay. The court found that the affidavit Fry attached to his filing was evidence in support of his underlying motion for a new trial, not his motion for leave. The court noted that Fry had not included any evidentiary materials to explain what, if any, efforts his attorneys made to speak with the jurors after trial or what obstacles prevented them from doing so. While Fry claimed the identification of the jurors was an issue, the court noted that the jurors had been polled at the conclusion of trial and, shortly after the trial concluded, a local newspaper had run a story about the case that included a statement from the female juror, her name, and her city of residence. The trial court determined that, outside of Fry's self-serving arguments, there was no evidence to show he or his attorneys made any attempt to contact the jurors during the 120-day period for filing a motion for new trial. Thus, the court denied Fry's motion for leave without holding a hearing.

{¶13} Fry argues the trial court abused its discretion when it denied his motion for leave without holding a hearing because he provided clear and convincing evidence of unavoidable delay. According to Fry, he could not have discovered the information the female juror provided in her affidavit within 120 days of the jury's verdict. He argues that filing deadline "belies logic" and poses an unreasonable burden in death penalty cases due to their voluminous nature. He notes that the filing deadline had already expired by the time the clerk of courts filed his trial transcript in the Supreme Court. Because his newly appointed appellate attorneys needed that transcript to identify the jurors, Fry argues, it was impossible for him to discover any information the jurors might have possessed within the 120-day period. He claims his attorneys did attempt to interview jurors during post-conviction proceedings but were not able to speak with all of them, including the female juror. He also claims that he sought to depose the jurors more than once in the years

that followed, but his requests were denied. According to Fry, he had no control over whether a juror declined to be interviewed or failed to return correspondence from his attorneys. Until the female juror willingly offered her statements to his habeas counsel, Fry argues, he had no reason to know that she possessed critical information. Thus, he argues he was unavoidably prevented from timely filing his motion for new trial.

{¶14} Initially, we note that Fry's assignment of error is limited to the trial court's denial of his motion for leave without holding a hearing. His brief includes arguments that Crim.R. 33(B)'s 120-day filing deadline poses an unreasonable burden in capital cases. Yet, he has not challenged the constitutionality of the rule on its face or as applied to him. He also never challenged the constitutionality of the rule in the lower court. This Court will not address an argument that falls outside the scope of Fry's assignment of error and has not been preserved for review. *See State v. Beasley*, 9th Dist. Medina No. 19CA0012-M, 2020-Ohio-1170, ¶ 14; *State v. Massarelli*, 9th Dist. Medina No. 18CA0049-M, 2019-Ohio-3220, ¶ 30. Accordingly, we limit our review to the question of whether the trial court abused its discretion by denying Fry's motion for leave.

{¶15} Having reviewed the record, we cannot conclude that the trial court acted in an unreasonable, arbitrary, or unconscionable manner when it denied Fry's motion for leave without holding a hearing. *Blakemore*, 5 Ohio St.3d at 219. The female juror's affidavit was the only evidence Fry included in his motion for leave.[1] That affidavit spoke to the merits of Fry's underlying motion for a new trial (i.e., the newly discovered evidence). It did not address the threshold issue of unavoidable delay. *See Davis*, 2023-Ohio-1657, at ¶ 28-29. Fry only included

---

[1] We note that neither party has addressed the application of the evidence aliunde rule and its prohibition against the admission of juror testimony to impeach a verdict. *See, e.g., State v. Hessler*, 90 Ohio St.3d 108, 123 (2000).

argument on that issue. He alleged that various factors supposedly made it impossible for him to comply with the 120-day filing deadline. Yet, "'[c]lear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *Mills*, 2023-Ohio-3783, at ¶ 6, quoting *Covender*, 2012-Ohio-6105, at ¶ 14. "'The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner.'" *Covender* at ¶ 14, quoting *Rodriguez-Baron*, 2012-Ohio-5360, at ¶ 11. Fry did not produce any evidence to support his claim (e.g., affidavits from his former attorneys explaining any efforts they made to speak to the jurors or the reasons why it was not possible for them to do so). His filing was limited to his self-serving statements and argument. Because the record supports the conclusion that Fry failed to satisfy his burden of proof on the issue of unavoidable delay, the trial court did not abuse its discretion by denying Fry's motion for leave without holding a hearing. Fry's sole assignment of error is overruled.

III.

{¶16} Fry's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KIMBERLY S. RIGBY, Managing Counsel, and ADAM VINCENT and JACOB SEIDL, Assistant Public Defenders, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.