[Cite as *State v. Cunningham*, 2025-Ohio-4819.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31345 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY CUNNINGHAM | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2021-12-4503 |

DECISION AND JOURNAL ENTRY

Dated: October 22, 2025

STEVENSON, Judge.

{¶1} Defendant-Appellant Anthony Cunningham appeals an order of the Summit County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the following reasons, this Court affirms.

I.

{¶2} The background of this matter was set forth in our original appellate decision *State v. Cunningham*, 2024-Ohio-3090 (9th Dist.) ("*Cunningham I*"). We summarized the pertinent procedural facts in *Cunningham I* as follows:

Cunningham was charged in three separate criminal proceedings with (1) theft in violation of R.C. 2913.02(A)(1)/(B)(2), a felony of the fourth degree, and breaking and entering in violation of R.C. 2911.13(A)/(C), a felony of the fifth degree; (2) aggravated robbery in violation of R.C. 2911.01(A)(1)/(C), a felony of the first degree, with a three year firearm specification in violation of R.C. 2941.145(A), and impersonation of a peace officer or private police officer in violation of R.C. 2921.51(E)/(G), with a three year firearm specification in violation of R.C. 2941.145(A); and (3) escape in violation of R.C. 2921.34(A)(1)/(C)(2)(b), a felony of the third degree.

The matters were tried together and a jury found Cunningham guilty of theft, with the value of the stolen property being ''$1,000 or more and less than $7,500[;]'' breaking and entering; aggravated robbery; and impersonation. Cunningham pleaded guilty to the escape charge and the trial court found him guilty of this offense.

*Id.* at ¶ 2-3.

{¶3} We affirmed Mr. Cunningham's convictions for breaking and entering, aggravated robbery, and impersonation in *Cunningham I. Id.* at ¶ 9. These convictions were affirmed on the basis that the record was incomplete and "we must presume regularity[.]" *Id.* Mr. Cunningham's theft conviction was remanded on the basis that the trial court had "mistakenly entered a conviction for grand theft, a felony of the fourth degree, rather than theft a felony of the fifth degree." *Id.* at ¶ 10. We remanded "solely for the trial court to enter a conviction in accordance with the jury verdict for theft, a felony of the fifth degree pursuant to R.C. 2913.02(B)(2), and to resentence Cunningham on this count only." *Id.* at ¶ 13. This Court issued its opinion in Mr. Cunningham's direct appeal in August 2024.

{¶4} Mr. Cunningham moved the trial court in October 2024 for leave to file a motion for new trial. Mr. Cunningham subsequently withdrew this pro se motion and counsel on his behalf moved for leave to file delayed motion for new trial based upon newly discovered evidence in November 2024. Mr. Cunningham attached an affidavit from D.B. to his motion for leave. D.B. was previously married to Mr. Cunningham and she testified as a witness for the State at trial. D.B. states in her affidavit that she "would like to . . . recant the prior statement that was given identifying Anthony Cunningham as the culprit of a bank robbery. . . ." D.B. represents that she previously identified Mr. Cunningham "under duress caused by emotional instability" and that she had identified Mr. Cunningham "to hurt him[]" and "not because I know that was him." The State responded in opposition.

**{¶5}** The trial court found that Mr. Cunningham "did not, by clear and convincing evidence, establish that the delay in producing [D.B.]'s recantation was unavoidable" and it denied his motion for leave to file a delayed motion for new trial without an evidentiary hearing. Mr. Cunningham appeals, asserting two assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR NO. I

**THE COURT ERRED, AND ABUSED ITS DISCRETION IN DENYING MR. CUNNINGHAM'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL, AND IN NOT HOLDING A HEARING ON MR. CUNNINGHAM'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL AND THUS IN NOT ALLOWING A MOTION FOR NEW TRIAL TO BE FILED.**

### ASSIGNMENT OF ERROR NO. II

**THE COURT ERRED WHEN IT FOUND IN ITS ORDER THAT MR. CUNNINGHAM DID NOT SHOW CLEAR AND CONVINCING EVIDENCE THAT HE WAS NOT UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF THE EVIDENCE UPON WHICH HE MUST RELY IN OBTAINING A MOTION FOR NEW TRIAL WHEN HE LEARNED OF THE EVIDENCE ONCE THE WITNESS RECANTED HER TESTIMONY.**

**{¶6}** For ease of analysis, we address Mr. Cunningham's assignments of error in a consolidated fashion because they both address the alleged errors of the trial court when it denied his motion for leave to file a delayed motion for new trial. Mr. Cunningham argues in his first assignment of error that the trial court erred and abused its discretion when it denied his motion without holding a hearing. He argues in his second assignment of error that trial court erred when it found that he had not shown clear and convincing evidence that he was not unavoidably prevented from the discovery of the evidence. We disagree.

**{¶7}** A motion for new trial based on newly discovered evidence must be filed within 120 days "after the day upon which the verdict was rendered . . . ." Crim.R. 33(B). Newly

discovered evidence is that which the defendant "could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). "If a defendant seeks to file a motion for new trial outside the 120-day period, he must obtain leave from the court to do so." *State v. Fry*, 2024-Ohio-2351, ¶ 8 (9th Dist.). "'[U]ntil a trial court grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court.'" *Id.,* quoting *State v. Bethel*, 2022-Ohio-783, ¶ 41.

{¶8} To successfully obtain leave to file a motion for new trial based on newly discovered evidence, a defendant must show by clear and convincing evidence that he "was unavoidably prevented from the discovery of the evidence upon which he must rely" during the 120-day period. Crim.R. 33(B). "' Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.'" *State v. Covender*, 2012-Ohio-6105, ¶ 14 (9th Dist.), quoting *State v. Rodriguez-Baron*, 2012-Ohio-5360, ¶ 11 (7th Dist.). "'[C]riminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence.'" *Covender* at ¶ 14, quoting *State v. Anderson*, 2012-Ohio-4733, ¶ 14 (10th Dist.). "Mere allegations of unavoidable delay will not suffice." *Fry* at ¶ 9, citing *State v. Mills*, 2023-Ohio-3783, ¶ 6 (9th Dist.). "'Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *Covender* at ¶ 14, quoting *State v. Covender*, 2008-Ohio-1453, ¶ 6 (9th Dist.).

{¶9} "This Court reviews a trial court's decision to deny leave to file an untimely motion for a new trial without a hearing for an abuse of discretion." *State v. Grad*, 2022-Ohio-4221, ¶ 8 (9th Dist.); *State v. Hunter*, 2024-Ohio-4658, ¶ 8 (9th Dist.). "Likewise, we apply the abuse of

discretion standard when reviewing a trial court's decision to not hold a hearing on an untimely motion for leave." *Fry* at ¶ 10. An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

{¶11} Having reviewed the record, we cannot conclude that the trial court acted in an unreasonable, arbitrary, or unconscionable manner when it denied Mr. Cunningham's motion for leave without holding a hearing. *Blakemore*, 5 Ohio St.3d at 219. D.B.'s affidavit is the only evidence Mr. Cunningham included with his motion for leave. D.B.'s affidavit solely addresses the reasons she identified Mr. Cunningham at trial. It does not address the threshold issue of unavoidable delay. *See Fry*, 2024-Ohio-2351, at ¶ 15 (9th Dist.). Mr. Cunningham merely alleges in his motion that he "was unavoidably prevented from discovering this evidence until September 28, 2024, when [D.B.] chose to come forward and presented the Court with a written recantation

of her trial testimony." The motion for new trial filed October 9, 2024, included an attached letter from D.B. with a September 20, 2024 electronic date stamp from the UPS store. Mr. Cunningham did not include an affidavit from himself or his attorney explaining what efforts, if any, they made to speak with D.B. prior to filing the motion, nor did they identify when they first discovered D.B was recanting her testimony. However, "'[c]lear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *Mills*, 2023-Ohio-3783, at ¶ 6 (9th Dist.), quoting *Covender*, 2012-Ohio-6105, at ¶ 14 (9th Dist.). "'The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner.'" *Covender* at ¶ 14, quoting *Rodriguez-Baron*, 2012-Ohio-5360, at ¶ 11 (7th Dist.).

{¶12} This case is similar to *Fry,* which involved an appeal from the trial court's denial of the defendant's motion for leave to file a motion for new trial based on newly discovered evidence. *Fry*, 2024-Ohio-2351, at ¶ 1 (9th Dist.). We affirmed the trial court's judgment in *Fry*, concluding that the defendant did not produce any evidence as to the threshold issue of unavoidable delay. *Id.* at ¶ 15. We noted that, other than a juror affidavit, the defendant "did not produce any evidence to support his claim (e.g., affidavits from his former attorneys explaining any efforts they made . . . )" and that the defendant's motion for leave "was limited to his self-serving statements and argument." *Id.* at ¶ 15. Mr. Cunningham's motion was likewise limited to his self-serving statements and argument.

{¶13} The record supports the conclusion that Mr. Cunningham failed to satisfy his burden of proof on the issue of unavoidable delay and that the trial court did not abuse its discretion

by denying Mr. Cunningham's motion for leave without holding a hearing. Mr. Cunningham's first and second assignments of error are overruled.

## III.

{¶14} Mr. Cunningham's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent from the judgment of the majority as I would conclude that the trial court abused its discretion in denying Cunningham's motion for leave to file a motion for a new trial.

{¶16} In support of his motion for leave to file a motion for a new trial, Cunningham provided the affidavit of a witness who testified for the State at the trial. The witness sought to recant her prior statements identifying Cunningham as the perpetrator of the bank robbery. In her affidavit, the witness indicates that she identified Cunningham in order to "hurt him, not because [she] kn[e]w it was him." She describes herself as being emotionally unstable at the time of the original proceedings. The affidavit is dated November 8, 2024, and was filed with the motion less than thirty days later. The motion also indicates that the witness did not repudiate her testimony until September 28, 2024. Even Cunningham's October 2024 pro se filing, which was later withdrawn, was filed within thirty days of the witness coming forward.

{¶17} I would conclude that this matter is distinguishable from *State v. Fry*, 2024-Ohio-2351 (9th Dist.), which did not involve a witness recanting testimony. *See id.* at ¶ 11. Notably, Cunningham did not even have the benefit of having the merits of his direct appeal addressed due to the absence of the complete trial transcript from this Court's record. *State v. Cunningham*, 2024-Ohio-3090, ¶ 8-9 (9th Dist.). Further, to the extent the majority seems to imply that it is appropriate or perhaps necessary for a convicted criminal defendant to reach out and contact a witness who testified against him about the possibility of recanting her testimony in order to succeed on a motion for leave to file a motion for a new trial, I also dissent. Not only could such

behavior easily amount to harassment, it would likely diminish the credibility of any recantation that was offered.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.