[Cite as *State v. Lane*, 2026-Ohio-648.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JAMES LANE

    Appellant

C.A. No.     31364

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2016-02-0363

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

---

CARR, Presiding Judge.

{¶1}    Defendant-Appellant James Lane appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2}    In February 2016, an indictment was filed charging Lane with one count of rape in violation of R.C. 2907.02(A)(1)(b). At the time of the assault, the victim was under the age of 13 years old and Lane was 18 years old. The matter proceeded to a jury trial at which the victim testified. The jury found Lane guilty, and he was sentenced to 10 years to life in prison. Lane appealed, and this Court affirmed the trial court's judgment. *State v. Lane*, 2017-Ohio-8050, ¶ 1 (9th Dist.).

{¶3}    In January 2024, Lane filed a motion for leave to file a motion for new trial based upon newly discovered evidence pursuant to Crim.R. 33(A)(6) and Crim.R. 33(B). He also

requested a hearing. Accompanying the motion was an affidavit of the victim dated May 15, 2023, recanting her trial testimony and denying that any sexual contact or conduct occurred between her and Lane. The State responded in opposition, and Lane filed a reply.

{¶4}    Without holding a hearing, the trial court denied the motion concluding that Lane had failed to meet his burden of proving that he was unavoidably prevented from discovering the evidence upon which he was relying. Lane has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING LANE'S REQUEST FOR LEAVE
TO FILE A MOTION FOR A NEW TRIAL.

{¶5}    Lane argues in his sole assignment of error that the trial court erred in denying his motion for leave to file a motion for new trial without holding a hearing.

{¶6}    Generally, "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Crim.R. 33(B). "If a defendant seeks to file a motion for new trial outside the 120-day period, he must obtain leave from the court to do so." *State v. Fry*, 2024-Ohio-2351, ¶ 9 (9th Dist.). "To successfully obtain leave to file a motion for new trial based on newly discovered evidence, a defendant must show by clear and convincing evidence that he 'was unavoidably prevented from the discovery of the evidence upon which he must rely' during the 120-day period." *Id.*, quoting Crim.R. 33(B). "'Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.'" *Fry* at ¶ 9, quoting *State v. Covender*, 2012-Ohio-6105, ¶ 14

(9th Dist.). "Mere allegations of unavoidable delay will not suffice." *Fry* at ¶ 9. "Clear and convincing proof is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *State v. Cleveland*, 2009-Ohio-397, ¶ 54 (9th Dist.); *see also State v. Grad*, 2024-Ohio-5710, ¶ 72.

{¶7} This Court reviews both a trial court's decision to deny leave to file an untimely motion for a new trial as well as the trial court's decision to not hold a hearing on that motion for an abuse of discretion. *Fry* at ¶ 10. An abuse of discretion means that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} The trial court in its analysis appears to have been inappropriately fixated on the delay between when the victim turned 18 and when she recanted as well as the delay between when the affidavit was executed and when it was filed. Previously, consideration of those types of delays may have played a role in determining whether the motion was filed within a reasonable time after the discovery of the evidence; however, the Supreme Court has concluded that courts have erred in imposing such a requirement. *See State v. Bethel*, 2022-Ohio-783, ¶ 51-58. We see no other reason to focus on those delays when the role of trial court was to determine whether Lane demonstrated that he was unavoidably prevented from discovering the recantation of the minor victim within the 120 days following the verdict. *See Fry* at ¶ 9.

{¶9} In support of his motion for leave to file a motion for a new trial, Lane submitted the affidavit of the victim. That affidavit included the victim's date of birth, which established

that the victim did not turn 18 until 2021, a date which was significantly more than 120 days after the 2016 verdict was rendered. *See* Crim.R. 33(B). The record also evidences that, at the time of trial, the victim was living with her grandmother. In the affidavit, the victim avers that her trial testimony was untruthful and that her grandmother pressured the victim to lie at the trial. The victim attested that she never had sexual intercourse, sexual conduct, or sexual contact with Lane and that he never put any body part in her vagina.

{¶10} Given that, at the relevant time, the victim was a minor and that, at the time of trial, was living with the person who pressured her to lie, it would be unreasonable to expect the victim to be capable of coming forward within the 120-day period. Likewise, because Lane was convicted of sexually assaulting the minor victim and was imprisoned, Lane could not be expected to contact the victim. *See State v. McConnell*, 2007-Ohio-1181, ¶ 15(2d Dist.) (noting that seeking out a recantation would cast doubt on the credibility of the recantation and that it would not be sound policy to require a defendant to contact a minor rape victim).

{¶11} In light of the evidence presented, we conclude that Lane has demonstrated that the trial court abused its discretion in failing to hold a hearing on his motion for leave to file a motion for new trial; the affidavit, when considered in context with the motion and trial testimony, on its face, supports Lane's claim that he was unavoidably prevented from timely discovering the evidence at issue. *Cleveland*, 2009-Ohio-397, at ¶ 54 (9th Dist.).

{¶12} Lane's assignment of error is sustained. The matter is remanded to the trial court for it to hold a hearing on Lane's motion for leave to file a motion for a new trial.

III.

{¶13} Lane's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for a hearing on Lane's motion for leave to file a motion for a new trial.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


DONNA J. CARR
FOR THE COURT


HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.